**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 19-03165 BKT7 |
| | Chapter 7 |
| VANESSA GONZALEZ ALBARRACIN | |
| Debtor(s) | FILED & ENTERED ON 7/6/2020 |

<u>**OPINION AND ORDER**</u>

Before this Court is Trustee's *Objection to Debtor's Claim of Exemptions over Insurance Policies* [Dkt. No. 21], Debtor's *Opposition to Trustee's Objection to Debtor's Claimed Exemptions and Request for Hearing* [Dkt. No. 24], Trustee's *Motion to Strike Amended Schedule C filed after the death of the Debtor & request for additional remedies* [Dkt. No. 59], Debtor's *Opposition to Trustee Motion to Strike Amended Schedule C filed after death of the Debtor & request for additional remedies* [Dkt. No. 61], Debtor's *Memorandum of Law & Theory: Pre-Trial Report* [Dkt. No. 62], Trustee's *Memorandum of Law in support of Objection to Claim to Exemption Pursuant to 11 U.S.C. §522(d)(7)* [Dkt. No. 79], and Debtor's *Sur-Reply to Trustee's Memorandum of Law* [Dkt. No. 80]. For the reasons set forth below, the Trustee's *Objection to Debtor's Claim of Exemptions over Insurance Policies* ] and *Motion to Strike Amended Schedule C filed after the death of the Debtor & request for additional remedies* are DENIED.

**I.      Procedural Background**

On June 2, 2019, Debtor Vanessa González Albarracin, ("Debtor") filed a voluntary petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code [Dkt. No. 1]. At the time of the filing for relief, Debtor held an insurance policy with Occidental Life Insurance Company of North Carolina as well as a separate insurance policy with the "Asociación de Empleados del

ELA." On June 27, 2019, Counsel for Debtor informed of the death of the Debtor at the §341 meeting of the creditors.

On July 4th, 2019, Counsel for Debtor filed a Motion Pursuant to Fed. R. Bankr. P. 1016 to inform the court of Debtor's passing. Counsel for Debtor requested that the case not be abated and that it be administered and concluded in the same manner, so far as possible, as though Debtor's death had not occurred, pursuant to Rule 1016. Counsel for Debtor also revealed that the deceased Debtor's family had discovered the two (2) additional insurance policies "inadvertently omitted" prior to her death and asserted that these were exempt under §522(d)(7) as unmatured life insurance policies, with Debtor's children as beneficiaries. See, Dkt. No. 12.

Thereafter, Counsel for Debtor submitted Amended Schedules A/B and Schedule C, dated July 2, 2019, to "adjust description of insurance policy originally listed & add the two (2) additional life insurance policies . . . in that of Occidental Life Ins of NC & AEELA" and "adjust corresponding exemptions in added insurance policies." See, Dkt. No. 17. The Amended Schedules included an Official Form 106 with an electronically signed signature or, as Counsel for Debtor clarifies in Dkt. No. 61, a wet signature obtained from Debtor's brother on July 2, 2019.

Trustee, upon investigating Debtor's financial affairs, filed an Objection to Debtor's claimed exemption. Trustee contends that Debtor and Counsel for Debtor concealed the existence of the aforementioned insurance policies and discovered that the beneficiaries of the insurance policies had submitted claims for payment of benefits to Occidental Life Insurance Company in their name. Trustee alleges that Debtor and Counsel for Debtor failed to comply with their duties of surrendering property to the Trustee, pursuant to 11 U.S.C. 521(a)(4), and that they harmed the interests of the bankruptcy estate and its creditors. Trustee argues that Counsel for Debtor failed

to comply with Local Rule 1009-1(a) and with her duty of filing trutful information before this Court.

It is the understanding of Trustee that the "inadvertently omitted" insurance policies are in fact undisclosed assets of the bankruptcy estate under 11 U.S.C. §541 and that they were subject to the administration of the Chapter 7 Trustee as of the filing of the petition for relief. Trustee argues that the deceased Debtor had no capacity to amend Schedule C to claim exemption over the insurance policies pursuant to bankruptcy law and the laws of the Commonwealth of Puerto Rico. More specifically, the Trustee asserts that a claim to exemptions under 11 U.S.C. §522(d), as the one submitted by Counsel for Debtor in Amended Schedule C, constitutes an act of the Debtor to claim property rights over an asset of the bankruptcy estate and that for a debtor to claim exemptions pursuant to the provisions of the Bankruptcy Code, he or she must be a person with the capacity to act and consent under Articles 24 and 25 of the Puerto Rico Civil Code (31 L.P.RA. §82), which state that a person's personality and capacity is determined by birth and is extinguished by death. Trustee posits that Debtor had no capacity, and that Debtor's action of claiming an exemption to a property interest is null.

On the other hand, Counsel for Debtor claims that she was informed by Debtor's brother, whom, in turn, was informed by his daughter, that Debtor had continued payment of the life insurance she had previously thought cancelled for non-payment after she made an inquiry to Occidental Life. Having received the information, Counsel for Debtor disclosed the existence of the life insurance policies on July 4, 2019 in Dkt. No. 12, 161 days before Trustee commenced her investigation of Debtor's financial affairs. Although the amendments had allegedly been prepared since July 2, 2020, these could not be filed until the Courts disposition of Rule 1016 motion, nor could amendments be filed prior to leave by the Court, as requested at Dkt. No. 12 to

file the same without the signature of the debtor. Counsel for Debtor further argues that Trustee voiced no opposition to the leave sought by counsel, nor did she challenge the Order at Dkt. No. 17 granting such request on July 31, 2019.

Counsel for Debtor contends that the case law does not support Trustee's view that the life insurance policies could be swept into the Bankruptcy Estate, due to a confusion between sections 522(d)(7) and 541 of the Bankruptcy Code. Counsel for Debtor maintains that there is a difference between an unmatured life insurance contract and beneficiary rights which led her to that conclusion. Finally, Counsel for Debtor claims that the life insurance contract is exempt under state and federal law and what is not exempt are the proceeds of such a policy when Debtor is the beneficiary.

## II.      Legal Analysis and Discussion

Section 541(a)(1) of the Bankruptcy Code defines property of the estate. The estate is created as of the petition date, and "is comprised of all legal or equitable interests of the debtor in property," … "wherever located and by whomever held." What is property of the estate within the scope of the broad definition of section 541(a)(1) is determined by federal and state law. "Federal law determines what is property for purposes of section 541(a)(1)," and "applicable state law determines whether an interest in property exists, however, and if so, the nature and scope of the rights associated with that interest." Lawrence Ponoroff, Construction Claims in Bankruptcy: Making the Best of a Bad Situation, 11 Bankr. Dev. J. 343, 374 (1995).

The Bankruptcy Code includes two provisions that specifically address the life insurance policies at issue in the present case. The first of the aforementioned provisions, Section 522, is a provision for property that the Debtor may claim as exempt. The list of exemptions provided by § 522 (d)(7) includes "[a]ny unmatured life insurance contract owned by the debtor, other than a

credit life insurance contract". The second of these provisions, Section 541, is a provision that addresses the creation of the Bankruptcy Estate. According to §541(5)(C), property that will comprise the estate includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date."

In In re Woodson, 839 F. 2d 610 (9th Cir. 1988), the Court found that the life insurance policy proceeds received by debtor were in fact property of the estate pursuant to section 541(a)(5)(C) and, therefore, could not be exempt by the debtor. See also, In re Huth, 1998 Bankr. LEXIS 856; 1998 WL 404153; In re Kudela, 427 B.R. 643. However, when analyzing section 522(d)(7), the court addressed the debtor's rights pertaining to unmatured life insurance policies when the debtor is the owner of the life insurance contract and the beneficiary is a party other than the debtor. The Court concluded that section 522 protects the debtor's ownership interest in the policy, that is, the right to maintain the policy and name a beneficiary. The Court further said that the right to maintain the policy is of value to the debtor only and that it is not capable of sale or transfer, making it of little use to the estate. In essence, a life insurance policy's proceeds, unless the debtor is the beneficiary, are not property of the estate.

In Bancohio Nat'l Bank v. Walters, 724 F. 2d 1081 (1984), the court found that "[t]the language of § 522 (b) which provides that notwithstanding section 541 a debtor may elect any of the applicable exemptions provided by § 522, to make the exemption of provisions of § 522 (d)(7) dominant over the after-acquired inclusion provision of § 541". In that case, the Court held that the proceeds of an exempt policy owned by the debtor were completely exempt after maturity under 11 U.S.C. 522(d)(7).

In the instant case, even though the Debtor failed to disclose the life insurance policies in

question prior to her passing, the Debtor's counsel sought leave to amend Debtor's schedules post-mortem pursuant to Fed. R. Bankr. P. 1016. Said request went unopposed and was granted by this Court. Now, Section 541(a)(5)(C) specifically provides that only if the debtor is the "[b]eneficiary of a life insurance policy or of a death benefit plan" the property interest at issue shall in fact be property of the estate. This leads us to conclude that the proceeds derived from the life insurance policies, which matured upon Debtor's passing, are fully exempt and not property of the estate. Therefore, Debtor could claim an exemption over the unmatured life insurance policy contracts under Section 522(d)(7) in order to protect the life insurance policy's beneficiaries.

WHEREFORE, Trustee's *Objection to Debtor's Claim of Exemptions over Insurance Policies* [Dkt. No. 21] and *Motion to Strike Amended Schedule C filed after the death of the Debtor & request for additional remedies* [Dkt. No. 59] shall be, and hereby are, DENIED.

SO ORDERED.

In San Juan, Puerto Rico this 6th day of July 2020.

Brian K. Tester
U.S. Bankruptcy Judge